# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X
JAMES FERRARA,

                          Plaintiff,

       -against-

SYSCO BOSTON, LLC
and JASON BREGOLI,

                         Defendant.
-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Basis of venue is Plaintiff's residence

To the above named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff's address is:     JAMES FERRARA, 15 Peru Street, Staten Island, NY
Defendant's address is: JASON BREGOLI, 17 Gregory Drive, Plymouth. MA 023660
SYSCO BOSTON, LLC C/O CORPORATION SERVICE COMPANY, 80 STATE, STREET ALBANY, NEW YORK, 12207-2543

Dated:  Staten Island, New York
         November 3, 2020

                                 Yours, etc.

                                 _____
                                 Lonny Levitz, Esq.
                                 KUHARSKI, LEVITZ & GIOVINAZZO, ESQS.
                                 Attorney for Plaintiff
                                 176 Hart Blvd.
                                 Staten Island, New York 10,301
                                 (718) 448-1600

TO:    JASON BREGOLI, 17 Gregory Drive, Plymouth. MA 023660

SYSCO BOSTON, LLC C/O CORPORATION SERVICE COMPANY, 80 STATE, STREET ALBANY, NEW YORK, 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------------X
JAMES FERRARA,

        Plaintiff,

  -against-

SYSCO BOSTON, LLC
and JASON BREGOLI,

        Defendants.
-------------------------------------------------------------------------X

Index No.:

**COMPLAINT**

  Plaintiff, by his attorneys, KUHARSKI, LEVITZ & GIOVINAZZO, ESQ., complaining of the defendant herein, respectfully show to this Court, and alleges, upon information and belief, as follows:

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the City and State of New York, County of Richmond.

2. That at all times mentioned herein, and on July 10, 2020, the defendant, JASON BREGOLI, was a resident of the City and State of New York.

3. That at all times mentioned herein, and on July 10, 2020, the defendant, SYSCO BOSTON, LLC had its principal place of business in the City, and State of New York. County of the Bronx

4. That at all times mentioned herein, and on July 10, 2020, the defendant, SYSCO BOSTON, LLC is was and has been a foreign corporation licensed to do business under and by virtue of the laws of the State of New York.

5. That at all times mentioned herein the defendant, SYSCO BOSTON, LLC is, was, and has been a FOREIGN LIMITED LIABILITY COMPANY licensed to do business in the State of New York.

6. That at all times mentioned herein, the defendant, SYSCO BOSTON, LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

7. That on July 10, 2020, and at all times hereinafter mentioned, Polpis Rd., Nantucket, MA was and still is a public highway used extensively by the public in general.

8. That on July 10, 2020, defendant, SYSCO BOSTON, LLC, was the owner of a vehicle bearing MA license plate number S14741893.

9. That on July 10, 2020, defendant, SYSCO BOSTON, LLC was the registrant of a vehicle bearing MA license plate number S14741893.

10,. That on July 10, 2020, defendant, SYSCO BOSTON, LLC, was the owner of a 2007 truck bearing MA license plates.

11. That on July 10, 2020, JASON BREGOLI, was operating said motor vehicle bearing New York license plate number S14741893.

12. That on July 10, 2020, JASON BREGOLI, was operating a 2007 truck bearing MA license plates.

13. That on July 10, 2020, JASON BREGOLI, was operating a 2007 truck bearing MA license plates, with the consent and/or permission of defendant, SYSCO BOSTON, LLC

14. That on July 10, 2020, JASON BREGOLI, was operating a 2007 truck bearing MA license plates, while in the employee of defendant, SYSCO BOSTON, LLC

15. That on July 10, 2020, plaintiff, JAMES FERRARA, was operating a motorized vehicle.

16. That on July 10, 2020, the vehicle operated by defendant, JASON BREGOLI, came into contact with the vehicle in which plaintiff, JAMES FERRARA, was operating.

17. That on July 10, 2020, the vehicle owned by defendant, SYSCO BOSTON, LLC, came into contact with the vehicle in which plaintiff, JAMES FERRARA, was operating.

18. That on July 10, 2020, the vehicle operated by defendant, JASON BREGOLI, and owned by defendant, SYSCO BOSTON, LLC, came into contact with the vehicle in which plaintiff, JAMES FERRARA, was operating.

19. That on July 10, 2020, the vehicle operated by defendant, JASON BREGOLI, and owned by defendant, SYSCO BOSTON, LLC, came into contact with the vehicle in which plaintiff JAMES FERRARA, was operating Polpis Rd., Nantucket, MA.

20. That the aforesaid collision and injuries resulting from said were due solely and wholly to the careless and negligent manner in which the defendant operated and controlled his motor vehicle without this plaintiff in any way contributing thereto.

21. That the negligence of the defendants consisted of the following: in operating the aforesaid motor vehicles in a negligent, reckless and careless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in driving at an excessive speed; in failing to keep a proper lookout; in failing to observe what was available to be observed; in failing to yield the right away; in failing to observe the plaintiff and others; in operating his vehicle top close to the vehicle in front of his vehicle; in operating the aforesaid motor vehicles in a manner contrary to, and in violation of, the statutes, ordinances, rules and regulations applicable and in existence on the date of the occurrence; in failing to provide and/or make prompt and timely use of adequate and efficient brake and steering mechanisms; in operating the aforesaid motor vehicles in such a negligent, careless and

reckless manner as to precipitate the aforesaid occurrence; in failing to take defensive action; in striking the plaintiff with his motor vehicle; and in failing to warn of the approach of the aforesaid motor vehicle.

22. That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body; still suffers and will continue to suffer for some time great physical and mental pain and serious bodily injury; and became sick, sore, lame and disabled and so remained for a considerable length of time.

23. That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, JAMES FERRARA, sustained serious injuries as defined by the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined by said Insurance Law.

24. That by reason of the foregoing and the negligence of the said defendant, this plaintiff, JAMES FERRARA, is informed and verily believes that his aforesaid injuries are permanent, and that he will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

25. That by reason of the foregoing, this plaintiff, JAMES FERRARA, was compelled to seek and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines, and upon information and belief, the plaintiff, JAMES FERRARA, will necessarily incur similar expenses in the future.

26. That this action falls within one or more of the exceptions set forth in CPLR 1602.

26. That by reason of the wrongful, negligent and reckless actions of the defendant as aforesaid, the plaintiff, JAMES FERRARA, was severely injured, bruised, and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

27. That as a result of the defendant's negligence as aforesaid, this plaintiff, JAMES FERRARA, has been damaged in an amount that exceeds the jurisdiction limits of all other Courts.

WHEREFORE, plaintiff, JAMES FERRARA, demands, judgment against the defendant in an amount that exceeds the jurisdiction limits of all other Courts, together with costs and disbursements of this action.

Dated: Staten Island, New York
November 3, 2020,

Yours, etc.

Lonny Levitz, Esq.
KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorney for Plaintiff
176 Hart Blvd.
Staten Island, New York 10,301
(718) 448-1600