UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES FERRARA,

                      Docket No.: 1:20-cv-05797

            Plaintiff,

   -against-                             **ANSWER**

SYSCO BOSTON, LLC and JASON BREGOLI,

            Defendants.
------------------------------------------------------------------X

**COUNSELOR:**

      Defendants SYSCO BOSTON, LLC and JASON BREGOLI, (collectively, "Defendants"), by and through their attorneys, Haworth Barber & Gerstman, LLC, as and for their Answer to plaintiff's Complaint dated November 3, 2020, hereby set forth the following upon information and belief:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "1," "7" and "15" of the Complaint.

      2.     Deny each and every allegation contained in paragraphs "4" and "5" of the Complaint, but admits that Sysco Boston, LLC is registered with the New York Department of State.

      3.     Admits the allegations contained in paragraphs "8," "9," "10," "11," "12," "13" and "14" of the Complaint.

      4.     Deny each and every allegation contained in paragraphs "2," "3," "6," "16," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26[1]" and "27" of the Complaint.

      5.     Deny each and every allegation contained in paragraph "26" of the Complaint and refer all issues of law to the court for determination.

---

[1] Plaintiff's Complaint contains two consecutive paragraphs numbered "26".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred by reason of the applicable statute(s) of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the operation of the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed on grounds of forum non-conveniens.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed on grounds of improper service of process.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent a separate action is pending against Defendants in another court, where plaintiff alleges the same causes of action.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent plaintiff has executed a settlement agreement releasing and discharging Defendants from all claims arising out of Plaintiff's alleged injuries.  Defendants assert that if Plaintiff released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiff's claims herein, then accordingly, said claims are barred or reduced by payment, accord, satisfaction, arbitration and award, release and res judicata.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Defendants were not a substantial factor in causing any alleged injury, damage or loss to Plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Defendants breached no duty whatsoever to Plaintiff whether arising by statute, by common law, or otherwise, and no act or omission by Defendants proximately caused or proximately contributed to Plaintiff's alleged injuries or damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

At all times, the alleged conduct and activities of Defendants and their agents, servants and/or employees, were justified, made in good faith, and complied with all applicable law, government statutes and regulations, and standards.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff should prove that injuries and damages were sustained as alleged, such injuries and damages resulted by the negligence, breach of warranty, acts or omissions of, and/or were proximately caused by, third parties over whom Defendants had neither control nor right of control.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from intervening and/or superseding acts or omissions of, and/or were proximately caused by, third parties over whom Defendants had neither control nor right of control.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff voluntarily assumed the risk of any injury or damages alleged in the Complaint.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disability alleged in the Complaint.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has given a release or covenant not to sue or not to enforce a judgment to an alleged co-tortfeasor of Defendants, Plaintiff's claims herein are reduced to the extent of any amount stipulated by the release or covenant, in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages, whichever is greater.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to join proper, necessary, and indispensable parties to this action.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Any damage, loss, or injury complained of was caused by the failure of the person(s) claiming damage, loss, or injury to exercise reasonable and ordinary care, caution, or vigilance under the circumstances.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any recoverable damages for personal injuries must be diminished by reason of the culpable conduct attributable to the Plaintiff, including contributory negligence, comparative negligence, gross negligence and/or assumption of risk, in the proportion which the culpable conduct attributable to Plaintiff bear to the culpable conduct which caused the damages.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants had no actual or constructive notice of a violation and/or alleged misconduct and have reasonable grounds to believe that their conduct complies with any applicable Acts.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, do not constitute a serious injury as defined by Article 51 of New York's Comprehensive Motor Vehicle Insurance Reparations Act.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's economic loss, if any, is not greater than basic economic loss as defined by Article 51 of New York's Comprehensive Motor Vehicle Insurance Reparations Act.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused, contributed, aggravated by a failure to utilize seat/shoulder seat belts, harness with which his vehicle was equipped or to wear a protective helmet.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

This accident and injury or damages allegedly sustained by plaintiff resulted from circumstances and conditions beyond the control of Defendants and was unavoidable as far as Defendants are concerned.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

In accordance with Article 16 of the Civil Practice Law and Rules, the liability of defendants, if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries, if any, which Defendants expressly deny, were the result of the culpable conduct or fault of third persons for whose conduct Defendants are not legally responsible, and the damages recovered by the Plaintiff, if any, should be diminished or reduced in proportion to said culpable conduct which caused the damages. Any liability on the part of Defendants, which liability is specifically denied, is fifty percent or less of the liability of all entities who are the cause of the alleged injuries, if any, and the liability of Defendants for non-economic loss does not exceed Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss pursuant to Civil Practice Law and Rules Section 1601 through 1603.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**

In the event plaintiff recovers a verdict or judgment against any of the defendants, then said verdict or judgment must be reduced pursuant to New York CPLR § 4545 by those amounts

which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, Workers' Compensation or employee benefit programs.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

This matter is properly determined based on the laws of the State of Massachusetts.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

This matter is improperly venued and should be transferred to the United State District Court, District of Massachusetts based on 28 U.S.C. § 1404(a).

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

All defenses, which have been or will be asserted by any other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Complaint to the extent same are applicable and not adverse to the answering Defendants.  In addition, answering Defendants will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserve the right to amend their answer for the purposes of asserting any such additional affirmative defenses.

Defendants reserve the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiff bases its claims for relief, and upon completion of further discovery.

**WHEREFORE**, Defendants Sysco Boston, LLC and Jason Bregoli demand judgment dismissing plaintiff's Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:   New York, New York
December 8, 2020

HAWORTH BARBER & GERSTMAN, LLC

/s/ Scott Haworth
Scott Haworth
45 Broadway, Suite 2110
New York, New York 10006
Telephone: (212) 952-1100
Facsimile: (212) 952-1110
Scott.Haworth@hbandglaw.com
Attorneys for Defendants
Sysco Boston, LLC and Jason Bregoli

TO:  *All counsel of record via ECF*

Michael Kuharski, Esq.
Kuharski, Levitz & Giovinazzo, Esq.
176 Hart Boulevard
State Island, New York 10301
Telephone: (718) 448-1600
llevitz@klawnyc.com
Attorneys for Plaintiff
James Ferrara

## **CERTIFICATE OF SERVICE**

I, Scott Haworth, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served via ECF on this 8th day of December 2020, upon all counsel of record.

>Michael Kuharski, Esq.
>Kuharski, Levitz & Giovinazzo, Esq.
>176 Hart Boulevard
>State Island, New York 10301
>Telephone: (718) 448-1600
>llevitz@klawnyc.com
>Attorneys for Plaintiff
>James Ferrara

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

>/s/ Scott Haworth
>Scott Haworth (SH – 5890)

Dated:	December 8, 2020